1  Steven R. Blackburn, State Bar No. 154797
   Leslie J. Mann, State Bar No. 95467
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955

5  Attorneys for Defendant
   TCS EXPEDITIONS, INC.
6

7

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  HARRY HERMAN WETZEL and              CASE NO.: C 07-02415JL
    MARGARET KIRKPATRICK WETZEL,
12                                       **STATE COURT CASE NO: 240283**
             Plaintiff,                  **(Superior Court of California,**
13                                       **County of Sonoma)**

14        v.                             **CERTIFICATE OF SERVICE OF**
    TCS EXPEDITIONS, INC., a Delaware    **NOTICE TO ADVERSE PARTY OF**
15  corporation; and DOES 1-50, inclusive, **REMOVAL TO FEDERAL COURT**

16           Defendant.

17

18        Virginia Li certifies and declares as follows:

19        I am over the age of 18 years and not a party to this action.

20        My business address is Epstein, Becker & Green, P.C., One California Street, 26th Floor,

21  San Francisco, California 94111, which is located in the city and county and state where the

22  mailing described below took place.

23        On May 4, 2007 I deposited in the United States Mail at San Francisco, California, a

24  copy of the Notice to Adverse Party of Removal to Federal Court dated May 4, 2007, a copy of

25  which is attached to this Certificate as Exhibit 1.

26        I served the Notice to Adverse Party of Removal to Federal Court on the following

27  persons at the addresses listed:

28

---

SF:141277v1                    CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY

1   Daniele L. Maraviglia                         Attorney for Plaintiffs:
2   PASSALACQUA, MAZZONI, GLADDEN,                 HARRY HERMAN WETZEL and
    LOPEZ & MARAVIGLIA                             MARGARET KIRKPATRICK WETZEL
3   1201 Vine Street, Suite 200
    P.O. Box 455
4   Healdsburg, CA 95448-0455

5        **By United States mail**.  I enclosed the Notice to Adverse Party of Removal to Federal

6   Court in a sealed envelope or package addressed to the persons at the addresses above and placed

7   the envelope for collection and mailing on the date shown below, following our ordinary

8   business practices.   I am readily familiar with this business's practice for collecting and

9   processing correspondence for mailing.   On the same day that correspondence is placed for

10  collection and mailing, it is deposited in the ordinary course of business with the United States Postal

11  Service, in a sealed envelope with postage fully prepaid.

12       I declare under penalty of perjury that the foregoing is true and correct.   Executed on

13  May 8, 2007.

                                        _____
14                                             Virginia Li

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

SF:141277v1                        CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY

# Exhibit 1

1    Steven R. Blackburn, State Bar No. 154797
     Leslie J. Mann, State Bar No. 95467
2    EPSTEIN BECKER & GREEN, P.C.
     One California Street, 26th Floor
3    San Francisco, California 94111-5427
     Telephone: 415.398.3500
4    Facsimile: 415.398.0955

5    Attorneys for Defendant
     TCS EXPEDITIONS, INC.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SONOMA

10

11   HARRY HERMAN WETZEL and                    CASE NO.  240283
     MARGARET KIRKPATRICK WETZEL,
12                                              **NOTICE TO ADVERSE PARTY OF
                 Plaintiff,                     REMOVAL TO FEDERAL COURT**
13

14           v.

15   TCS EXPEDITIONS, INC., a Delaware
     corporation; and DOES 1-50, inclusive,    Complaint Filed:  March 2, 2007
16
                 Defendants.
17

18   TO PLAINTIFFS HARRY HERMAN WETZEL and MARGARET KIRKPATRICK WETZEL,

19   AND THEIR ATTORNEY OF RECORD:

20           PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

21   States District Court for the Northern District of California on May 4, 2007.

22           A copy of said Notice of Removal is attached to this Notice as Exhibit 1, and is served

23   and filed herewith.

24   DATED:  May 4, 2007

25                                             EPSTEIN BECKER & GREEN, P.C.

26                                             By:  _____
                                                    STEVEN R. BLACKBURN
27                                                  LESLIE J. MANN
                                                    Attorneys for Defendant
28                                                  TCS EXPEDITIONS, INC.

1

1  Steven R. Blackburn, State Bar No. 154797
   sblackburn@ebglaw.com
2  Leslie J. Mann, State Bar No. 95467
   lmann@ebglaw.com
3  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
4  San Francisco, California 94111-5427
   Telephone: 415.398.3500
5  Facsimile: 415.398.0955

6  Attorneys for Defendant
   TCS EXPEDITIONS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 HARRY HERMAN WETZEL and               CASE NO.     C 07    2415
   MARGARET KIRKPATRICK WETZEL,
12                                        NOTICE OF REMOVAL OF ACTION
                Plaintiff,                UNDER 28 U.S.C. § 1441(B)
13
                                          (DIVERSITY JURISDICTION)
14        v.

15 TCS EXPEDITIONS, INC., a Delaware
   corporation; and DOES 1-50, inclusive,
16
                Defendants.
17

18        PLEASE TAKE NOTICE THAT Defendant TCS EXPEDITIONS, INC. ("Defendant")

19 hereby removes to this Court the state court action described below.

20        1.   On or about March 7, 2007, Plaintiffs HARRY HERMAN WETZEL and

21 MARGARET KIRKPATRICK WETZEL ("Plaintiffs") filed their Complaint in the Superior

22 Court of the State of California for the County of Sonoma, entitled HARRY HERMAN

23 WETZEL and MARGARET KIRKPATRICK WETZEL v. TCS EXPEDITIONS, INC., and

24 Does 1-50, Case No. 240283.  A copy of the Complaint served on Defendant is attached hereto

25 as Exhibit A.  A copy of the Answer served by Defendant is attached as Exhibit B.  Defendant

26 is informed and believes, and thereon alleges, that other than the pleadings attached to this

27 notice of removal, there have been no further pleadings, process, or orders filed in this action.

28

SF:141276v1
                                                      Wetzel et al. v. TCS Expeditions, Inc.

2.    The first date upon which Defendant received a copy of the Summons and Complaint, and thus, first received notice that this action was subject to removal on the basis of diversity jurisdiction was April 4, 2007.  A copy of the Summons is attached hereto as Exhibit C.

3.    This is a civil action over which this Court also has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant CNA pursuant to provisions of 28 U.S.C. § 1441(b), because this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff specifically alleges in its complaint that as a result of Defendant's wrongful conduct, "Plaintiff has suffered damages in the sum of $83,900.00."  Complaint ¶ 11. Accordingly, Plaintiff has admitted that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.    Defendant is informed and believes that Plaintiffs are now and were at the time this lawsuit was filed were residents in Sonoma County, California and citizens of the State of California.

5.    Defendant is now and was at the time this lawsuit was filed incorporated under the laws of the State of Delaware, and having its principal place of business in Seattle, Washington and is the only defendant that has been served with a summons and complaint in this action.  Accordingly,  Defendant is not a citizen of the State of California, where the State Court action is pending.

6.    This Notice of Removal is timely, as it was filed within 30 days of the date Defendant received notice that this action was subject to removal.

DATED:  May 4, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
STEVEN R. BLACKBURN
LESLIE J. MANN
Attorneys for Defendant
TCS EXPEDITIONS, INC.

- 2 -

# EXHIBIT A

1 | DANIELE L. MARAVIGLIA (SB# 177040)
Law Offices of
2 | **PASSALACQUA, MAZZONI, GLADDEN,
LOPEZ & MARAVIGLIA, LLP**
3 | 1201 Vine Street, Suite 200
P.O. Box 455
4 | Healdsburg, CA 95448-0455
Telephone (707)433-3363
5 | Facsimile (707)433-3606

6 | Attorney for Plaintiffs
Harry Herman Wetzel and
7 | Margaret Kirkpatrick Wetzel

8 | **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**

9 |

10 | **HARRY HERMAN WETZEL and
MARGARET KIRKPATRICK WETZEL**                CASE NO:   **240783**

11 |

12 |            **Plaintiffs,**                    **COMPLAINT FOR BREACH OF
CONTRACT, COMMON COUNTS, FOR
UNJUST ENRICHMENT, FOR
13 | vs.                                         DECLARATORY RELIEF, AND FOR
CONVERSION**
14 | **TCS EXPEDITIONS, INC., a Delaware
Corporation, and Does 1 - 50, inclusive,**

15 |

            **Defendants.**
16 | _____/

17 |

                    **FIRST CAUSE OF ACTION**
18 |                  **(For Breach of Contract)**

19 |
        1.    Plaintiffs are informed and believe and thereon allege that Defendant, TCS
20 |
EXPEDITIONS, Inc, is a corporation organized and existing under the laws of the State of
21 |
Delaware with its principal place of business in Seattle, Washington.
22 |
        2.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein
23 |
as Does 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.
24 |
Plaintiffs will amend this Complaint to allege their true names and capacity when ascertained.
25 |
Plaintiffs are informed and believe and thereon allege that each of the fictitiously named
26 |
Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's
27 |
damages herein alleged were proximately caused by their conduct.
28 |
        3.    Plaintiffs are informed and believe and thereon allege that at all times herein

_Complaint_

1  mentioned each of the Defendants sued herein as Does was the agent and employee of each of the

2  remaining Defendants and was at all times acting within the purpose and scope of such agency

3  and employment.

4      4.      On or about December 12, 2005, in Sonoma County, California, Plaintiffs entered

5  into a contract with the Defendant, for the purpose of participating in Defendant's tour package,

6  entitled "Heaven & Earth Expedition 2006". This organized tour package takes participants by

7  private jet to some of the most interesting and exotic locations in the world, and provides among

8  other things travel, informational study, and organized tours of various locals. The 2006 voyage

9  was to include stops the following locations: Tikal, Guatemala; Lima, Peru; Cusco and Machu

10 Picchu; Easter Island; Somoa; Ayers Rock, Australia; Papua, New Ginea; Sepik River and

11 Highlands; Siem Reap, Cambodia; India; Dubia, AE; and, Luxor, Egypt. The trip was to begin

12 on February 13, 2006 and continue to March 8, 2006.

13     5.      Defendant required all participants to have their physicians prepare a Health

14 Information Form, and submit information to the Defendant regarding the health of the

15 participant prior to departure. Plaintiffs dutifully had their physician prepare their forms, which

16 were completed on January 28, 2006, two weeks prior to departure. Upon receipt of the forms,

17 Defendant determined that Plaintiffs were physically and mentally able to commence the voyage.

18 Prior to departure, Defendant made no mention of any problems with the health or mental

19 faculties of either of the Plaintiffs.

20     6.      In addition to completing the Health Information Form, Plaintiffs performed all

21 conditions, covenants, and promises under the contract to be performed on their part, including,

22 but not limited to the payment in full of the tour prior to departure in the amount of $83,900.00.

23     7.      On or about February 17, 2006, Defendant breached it's contract with the

24 Plaintiffs by arbitrarily and unexpectedly abandoning them in Lima, Peru and expelling them

25 from the tour, after only a few short days.

26     8.      As a result of Defendant's breach of contract, Plaintiffs have been damaged in an

27 amount according to proof at trial.

28

---

Complaint

**SECOND CAUSE OF ACTION**
**(Common Count For Money Had and Received)**

9.      Plaintiffs re-allege and incorporate herein paragraphs 1 through 8 of the First Cause of Action.

10.     Within the last two years, in Sonoma County, California, Defendant became indebted to Plaintiffs for money had and received by Defendant for the use and benefit of Plaintiffs.

11.     The sum of $83,900.00 is due and unpaid, despite Plaintiffs demand, plus prejudgment interest in an amount according to proof.

**THIRD CAUSE OF ACTION**
**(For Unjust Enrichment)**

13.     Plaintiffs re-allege and incorporate herein paragraphs 1 through 11 as though fully set forth herein.

14.     Plaintiffs paid the Defendant as requested, in advance, for the full cost of the two week travel package.  Plaintiffs were only permitted to enjoy a few short days of travel and lodging, and were thereafter summarily discharged from the tour.

15.     As a result, Defendant has been unjustly enriched by Plaintiffs advance payment, in an amount according to proof at trial.

**FOURTH CAUSE OF ACTION**
**(For Declaratory Relief)**

16.     Plaintiffs re-allege and incorporate herein paragraphs 1 through 15 as though fully set forth herein.

17.     In refusing to refund to Plaintiff's the unused portion of their tour package, Defendant has relied on it's alleged unsigned contractual terms, including the following language contained in it's tour materials:

"*We also reserve the right to decline to accept or to retain any person as a member of the tour, or to require a participant to withdraw from the tour at their own expense when such an action is determined by tour staff to be in the best*

Complaint

1   *interest of the participant's health and safety, and that of the tour group in*

2   *general.  No refund will be made for the unused portion of any tour unless*

3   *arrangements are made in time to avoid penalties."*

4        18.    An actual controversy has arisen and now exists between Plaintiffs and Defendant

5   concerning their respective rights and duties in that the contractual terms alleged to govern this

6   matter by Defendant are unclear, and ambiguous.  Further, to the extent the pre-printed form

7   terms are part of the contract, Plaintiffs contend that said above provision is an unconscionable

8   contract term, since once the tour began it was impossible for a participant to make arrangements

9   to avoid penalties.  Defendant however relies on such terms, and in particular the term referenced

10  in Paragraph 17 in order to refuse to refund all or a portion the cost of the trip to Plaintiffs.

11       19.    Plaintiffs desire a judicial determination of their rights, and a duties, and a

12  declaration as to whether the terms Defendant relies upon are part of the contract, and a

13  determination as to their validity and enforceability.

14                              **FIFTH CAUSE OF ACTION**
15                                  **(For Conversion)**

16       20.    Plaintiffs re-allege and incorporate herein paragraphs 1 through 19 as though fully

17  set forth herein.

18       21.  On or about December 12, 2005, Plaintiffs paid to the Defendant the sum of

19  $83,900.00.  These funds were turned over to Defendant in trust as payment for a tour vacation,

20  which Defendant failed to provide.

21       22.    Plaintiffs have repeatedly demanded the return of the unused portion of these

22  funds, since the Plaintiffs were only on the tour for a few short days.  Defendant has failed and

23  refused and continues to fail and refuse, to return these funds to the Plaintiff.

24       23.    Defendant's refusal to return the unused portion of the funds turned over to

25  Plaintiffs makes Defendant guilty of conversion, and subject to any an all damages which are a

26  proximate result of said act.

27       24.    The acts of Defendant, as alleged above, were willful, wanton, malicious, and

28  oppressive, and therefore justify an award of exemplary and punitive damages.

*Complaint*

1      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

2  follows:

3      A.    For compensatory damages in the sum of $83,900; and,

4      B.    For interest on the sum of $83,900 at 10% per annum from and after February 17,

5          2006; and,

6      C.    For additional damages according to proof at trial; and,

7      D.    For a Declaration of the rights and responsibilities of the parties under the alleged

8          contractual terms and a determination that the no refund provision is

9          unconscionable; and,

10     E.    For exemplary and punitive damages; and,

11     F.    For reasonable attorney fees according to proof at trial; and,

12     G.    For costs of suit herein incurred; and,

13     H.    For such other and further relief as the Court may deem proper.

14

15 Dated: February 28, 2007        PASSALACQUA, MAZZONI, GLADDEN,

16                      LOPEZ & MARAVIGLIA, LLP.

17

18                      DANIELE L. MARAVIGLIA, Attorney for Plaintiffs

19                      HARRY H. WETZEL & MARGARET K. WETZEL

20

21

22

23

24

25

26

27

28

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniele L. Maraviglia, Esq.<br>PASSALACQUA, MAZZONI, GALDDEN,<br>LOPEZ & MARAVIGLIA, LLP<br>Post Office Box 455<br>Healdsburg, California 95448-0455<br>TELEPHONE NO.: (707) 433-3363  FAX NO.: (707) 433-3606 | MAR -2 2007 |

ATTORNEY FOR *(Name)*: Harry and Margaret Wetzel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive, Room 107J
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

CASE NAME: Wetzel v. TCS Expeditions

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 240753 |
|---|---|---|
| [X] Unlimited [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 2, 2007

Daniele L. Maraviglia, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL DIVISION
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878
(707) 565-1100
www.sonomasuperiorcourt.com

(FOR COURT USE ONLY)

NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,
NOTICE OF CASE MANAGEMENT CONFERENCE,
and ORDER TO SHOW CAUSE

☐ Collections (see footnote)*

Case number:

240253

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _____ GARY NADLER _____ **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 201(f)(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

   | Date: JUL 0 3 2007 | Time: | |
   |---|---|---|
   | Location: 3035 CLEVELAND AVE STE 200 SANTA ROSA CA 95403 | | Courtroom: |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 298(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 212(e)-(f).

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 565-2770 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 201.7(b), 201.7(c), 201.7(g), 201.7(h), 201.7(i) and/or 212(g), you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

---

* **Telephone appearances are not allowed.** Case Management Conferences in Collections cases incorporate a settlement conference. Counsel/parties *with settlement authority* are required to appear in person.

1  Steven R. Blackburn, State Bar No. 154797
2  Leslie J. Mann, State Bar No. 95467
   EPSTEIN BECKER & GREEN, P.C.
3  One California Street, 26th Floor
   San Francisco, California 94111-5427
4  Telephone: 415.398.3500
   Facsimile: 415.398.0955
5
   Attorneys for Defendant
6  TCS EXPEDITIONS, INC., a Delaware corporation

**ENDORSED**
**FILED**

MAY 0 4 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          COUNTY OF SONOMA
10

11  HARRY HERMAN WETZEL and            CASE NO.  240283
    MARGARET KIRKPATRICK WETZEL,
12                                      **ANSWER OF TCS EXPEDITIONS, INC.**
              Plaintiff,
13
14       v.
    TCS EXPEDITIONS, INC., a Delaware
15  corporation; and DOES 1-50, inclusive,   Complaint Filed:  March 2, 2007
16            Defendants.

17                                                      **BY FAX**

18       Defendant TCS EXPEDITIONS, INC., a Delaware corporation (hereinafter "TCS") for

19  itself and no other defendant, answers Plaintiff's complaint as follows:

20                          **GENERAL DENIAL**

21       Pursuant to California Code of Civil Procedure § 431.30(d), Defendant TCS generally

22  and specifically denies each and every allegation of the complaint.  TCS further denies that

23  Plaintiffs have sustained any damages by reason of any act or omission on the part of TCS, and

24  specifically denies that Plaintiffs are entitled to any recovery from TCS in any amount

25  whatsoever on any basis.  TCS denies that it owes any unfulfilled duty or obligation to Plaintiffs

26  on any basis whatsoever.

27

28

SF:141275v1

Wetzel et al. v. TCS Expeditions, Inc.

## AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure Section 431.30(b)(2), TCS alleges the following separate affirmative defenses to Plaintiffs' complaint.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim for Relief)

As and for a separate and distinct affirmative defense to each of Plaintiffs' claims for relief, TCS avers that Plaintiffs failed to state facts sufficient to constitute a claim for relief against TCS.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers based on information and belief that Plaintiff has failed to mitigate, minimize or avoid their damages.

## THIRD AFFIRMATIVE DEFENSE

(No Unjust Enrichment Claim)

As and for a separate and distinct affirmative defense to Plaintiff's Third claim for relief, TCS avers that a quasi-contract action for unjust enrichment does not lie as a matter of law where an express binding agreement exists and defines the parties' rights. *Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359, 1387

## FOURTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

As and for a separate and distinct affirmative defense to each of Plaintiffs' claims for relief, TCS avers that Plaintiffs' claims against TCS are barred in whole or in part by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Full Performance)

As and for a separate and distinct affirmative defense to each of Plaintiffs' claims for relief, TCS avers that it has performed all of its contractual obligations.

- 2 -

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers that Plaintiffs are estopped to assert each such claim by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Discharge)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers that Plaintiff's claims against TCS are barred in whole or in part because TCS discharged and satisfied all of its contractual obligations to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Duties Owed)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers that Plaintiff's claims are barred because TCS did not owe Plaintiff the duties claimed to have been breached.

## NINTH AFFIRMATIVE DEFENSE

### (Failure of consideration)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers that Plaintiff's claims are barred because there was a failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

### (Performance Excused)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers that Plaintiff's claims are barred because TCS's performance was excused.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mutuality of Obligation)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers that Plaintiff's claims are barred in whole or in part for lack of mutuality of obligation.

- 3 -

## TWELFTH AFFIRMATIVE DEFENSE

### (No Duty or Obligation)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, TCS avers that Plaintiff's claims are barred because the duties complained of are the responsibility of third persons, or entities other than TCS.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

TCS reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend its Answer to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, TCS EXPEDITIONS, INC. pray judgment as follows:

1)    That the Complaint be dismissed in its entirety with prejudice, and that Plaintiff take nothing by this action;

2)    That the court award judgment in favor of TCS;

3)    That TCS be awarded its costs of suit, including attorneys' fees; and,

4)    Any and such further relief as this court may deem proper.

DATED: May 3, 2007                                    EPSTEIN BECKER & GREEN, P.C.


                                                      By: _____
                                                          Steven R. Blackburn
                                                          Leslie J. Mann
                                                          Attorneys for Defendant
                                                          TCS EXPEDITIONS, INC.

- 4 -

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served):

## ANSWER TO COMPLAINT

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

> Daniele L. Maraviglia
> Law Offices of Passalcqua,       Attorneys for Plaintiff:
> Mazzoni, Gladden, Lopez &
> Marviglia, LLP.
> 1201 Vine Street, Suite 200
> P.O. Box 455
> Healdsburg, CA 95448-0455

5.  a. ☐  **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

    > (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    > (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at , California.

    c. ☐  **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 5 -

ANSWER TO COMPLAINT
Wetzel et al. v. TCS Expeditions, Inc

1

2

**d.** ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

3

4

**e.** ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

5

6

7

**f.** ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

8

9

10   6.    I served the documents by the means described in item 5 on *(date):* May 4, 2007

11   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12   | 5/3/07 | Virginia Li | |
     |--------|-------------|--|

13   Date          (Type or Print Name)          (Signature of Declarant)

14   ## DECLARATION OF MESSENGER

15   ☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

16

17

18

19

20   At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

21   I served the envelope or package, as stated above, on *(date):* _____

22   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24   Date          (Type or Print Name)          (Signature of Declarant)

25

26

27

28

- 6 -

ANSWER TO COMPLAINT
Wetzel et al. v. TCS Expeditions, Inc

# EXHIBIT C

**SUMMONS**
**(CITACION JUDICIAL)**

**ENDORSED**

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
TCS EXPEDITIONS, INC., a Delaware Corporation, and
Does 1-50, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

MAR - 2 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
HARRY HERMAN WETZEL and MARGARET KIRKPATRICK WETZEL

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 Administration Drive, Room 107J<br>Civil Division<br>Santa Rosa, CA 95403 | CASE NUMBER:<br>(Número del Caso):<br>**240883** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Daniele L. Maraviglia, Esq.
PASSALACQUA, MAZZONI, GALDDEN, LOPEZ & MARAVIGLIA, LLP    (707) 433-3363    (707) 433-3606
Post Office Box 455
Healdsburg, California 95448-0455

DATE:
(Fecha)    **MAR 0 2 2007**    DENISE L. GORDON    Clerk, by    Karina P. Royer    , Deputy
(Secretario)    (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): TCS Expeditions, Inc., a Delaware Corporation
under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3   1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

4   2.   My business address is One California Street, 26th Floor, San Francisco, California
     94111-5427.

5
     3.   I served copies of the following documents (specify the exact title of each document
6        served):

7   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)
     (DIVERSITY JURISDICTION)

8   4.   I served the documents listed above in item 3 on the following persons at the addresses
     listed:

9
             Daniele L. Maraviglia
10           Law Offices of Passalcqua,          Attorneys for Plaintiff:
             Mazzoni, Gladden, Lopez &
11           Marviglia, LLP.                      Harry Herman Wetzel and Margaret
             1201 Vine Street, Suite 200         Kirkpatrick Wetzel
12           P.O. Box 455
             Healdsburg, CA 95448-0455

13  5.   a.   ☐   **By personal service**. I personally delivered the documents on the date shown
14           below to the persons at the addresses listed above in item 4. (1) For a party
             represented by an attorney, delivery was made to the attorney or at the attorney's
15           office by leaving the documents in an envelope or package clearly labeled to
             identify the attorney being served with a receptionist or an individual in charge of
             the office. (2) For a party delivery was made to the party or by leaving the
16           documents at the party's residence between the hours of eight in the morning and
             six in the evening with some person not less than 18 years of age.
17
         b.   ☒   **By United States mail**. I enclosed the documents in a sealed envelope or
18           package addressed to the persons at the addresses in item 4 and *(specify one)*:

19           (1)   ☐   deposited the sealed envelope with the United States Postal Service, with
                   the postage fully prepaid on the date shown below, or
20
             (2)   ☒   placed the envelope for collection and mailing on the date shown below,
21                 following our ordinary business practices. I am readily familiar with this
                   business's practice for collecting and processing correspondence for
22                 mailing. On the same day that correspondence is placed for collection and
                   mailing, it is deposited in the ordinary course of business with the United
23                 States Postal Service, in a sealed envelope with postage fully prepaid.

24           I am a resident or employed in the county where the mailing occurred. The
             envelope or package was placed in the mail at , California.
25
         c.   ☐   **By overnight delivery**. I enclosed the documents on the date shown below in an
26           envelope or package provided by an overnight delivery carrier and addressed to the
             person at the addresses in item 4. I placed the envelope or package for collection and
27           overnight delivery at an office or a regularly utilized drop box of the overnight
             delivery carrier.
28

                                              - 3 -

SF:141276v1
                                                        NOTICE OF REMOVAL
                                                        Wetzel et al. v. TCS Expeditions, Inc

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* May 4, 2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/4/07 | Virginia Li | |
|--------|-------------|--|
| Date | (Type or Print Name) | (Signature of Declarant) |

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Date | (Type or Print Name) | (Signature of Declarant) |
|------|----------------------|--------------------------|

- 4 -

NOTICE OF REMOVAL
Wetzel et al. v. TCS Expeditions, Inc

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served):

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

Daniele L. Maraviglia
Law Offices of Passalcqua,
Mazzoni, Gladden, Lopez &
Marviglia, LLP.
1201 Vine Street, Suite 200
P.O. Box 455
Healdsburg, CA 95448-0455

Attorneys for Plaintiff:

Harry Herman Wetzel and Margaret Kirkpatrick Wetzel

5.  a.  ☐  **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b.  ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

        (1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

        (2)  ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at , California.

    c.  ☐  **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 2 -

SF:141279v1

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* May 4, 2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/4/07 | Virginia Li | |
|---|---|---|
| Date | (Type or Print Name) | (Signature of Declarant) |

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| Date | (Type or Print Name) | (Signature of Declarant) |

SF:141279v1

NOTICE OF REMOVAL
Wetzel et al. v. TCS Expeditions, Inc