1  Daniele L.Maraviglia
   PASSALACQUA, MAZZONI, GLADDEN, LOPEZ
2  & MARAVIGLIA, LLP
   1201 Vine Street, Suite 200
3  Healdsburg, CA 95448
   Telephone: 707.433.3363
4  Facsimile: 707.433.3606

5  Attorneys for Plaintiffs
   HARRY HERMAN WETZEL and MARGARET
6  KIRKPATRICK WETZEL

7  Steven R. Blackburn, State Bar No. 154797
   sblackburn@ebglaw.com
8  Leslie J. Mann, State Bar No. 95467
   lmann@ebglaw.com
9  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
10 San Francisco, California 94111-5427
   Telephone: 415.398.3500
11 Facsimile: 415.398.0955

12 Attorneys for Defendant
   TCS EXPEDITIONS, INC.
13              **UNITED STATES DISTRICT COURT**

14           **NORTHERN DISTRICT OF CALIFORNIA**

15

16 HARRY HERMAN WETZEL and            CASE NO.: C 07-02415JL
   MARGARET KIRKPATRICK WETZEL,
17                                    **E-Filing**
                Plaintiff,
18                                    **JOINT CASE MANAGEMENT
                                      CONFERENCE STATEMENT
19     v.                            AND [PROPOSED] ORDER**

20 TCS EXPEDITIONS, INC., a Delaware
   corporation; and DOES 1-50, inclusive,
21
                Defendant.
22

23        Pursuant to the Court's Order Setting Initial Case Management Conference,  Plaintiffs

24 Harry Herman Wetzel and Margaret Kirkpatrick Wetzel [hereinafter "the Wetzels"] Defendant

25 TCS Expeditions, Inc. jointly submit this case management statement and proposed order and

26 request the Court to adopt it as its case management order in this case.

27

28

# DESCRIPTION OF THE CASE

**1.     Jurisdiction and Service:**

The court has diversity jurisdiction.  All parties have been served.

**2.     Facts:**

**(a)     The parties' agreed factual statement:**

In December 2005, the Wetzels purchased a tour package from Defendant TCS called "Heaven & Earth An Around the World Expedition by Private Jet." The tour dates were February 13 through March 8, 2006.  The Wetzels paid the per person tour charge of $41,950. Each tour participant is required to provide a Health Information form completed and signed by the participant and their physician.

The second stop on the tour included an excursion to Cuzco, Peru at an elevation of 10,580 feet.

**(b)     Plaintiff's additional factual statement:**

The Wetzels, prior to their departure on the trip, and in connection with their full prepayment of $83,900 executed Health Information Forms, which fully disclosed their physical and mental limitations.  TCS Expeditions made no mention of any limitations, or concerns with the Wetzels' medical forms, in the accepting of their payment or in accepting them on the trip. Among other things, the health form for Mr. Wetzel informed TCS that he was 86, and sometimes uses a cane.  The health form for Mrs. Wetzel informed TCS that she was 80 years old and suffering from early dementia.

On or about February 17, 2006, after a few short days on the trip, the Wetzels were expelled from the tour, and abandoned in Lima Peru.  The Wetzels never insisted on going to Cuzco, Peru; they simply asked if it was possible.  In response to their request, they were summarily discharged from the tour.  They now seek a refund, and damages according to proof, including but not limited to:

- 2 -

| | |
|---|---|
| TCS Tickets for Two | $83,900.00 |
| Two Flights to Miami | 2,218.60 |
| Visas for the Trip | 600.00 |
| Yellow Fever Shots | 300.00 |
| Ground Transportation | 95.00 |
| TCS Charge 2/9/06 | 167.00 |
| Airfare for Two | 7,025.50 |
| (Lima to SFO after expulsion) | |
| Total: | $94,306.10 |

Despite notice, and repeated attempts, TCS has refused to refund any portions of the trip expenses.

**(c)     Defendant's additional factual statement:**

The Wetzels signed a Reservation form for the tour which contains a Release of Liability. The tour terms and conditions acknowledges TCS reserves "the right to decline to accept or to retain any person as a member of the tour or to require a participant to withdraw from the tour at their own expense when such an action is determined by tour staff to be in the best interest of the participant's health and safety and that of the tour group in general. No refund will be made for the unused portion of any tour unless arrangements are made in time to avoid penalties."

The tour is lead by an experienced Expedition Leader and is accompanied at all times by a licensed physician and other tour staff of 16 individuals. Each tour participant is required to provide a Health Information form completed and signed by their physician attesting to the participant's medical ability to participate in the tour activities. The forms completed by the Wetzels and their physicians stated that the Wetzels were not going to Cuzco, Peru and had an alternative destination.

During the first days of the tour, it became apparent that neither of the Wetzels were physically or mentally capable of participating in the tour. After several specific incidents, including the Wetzels' insistence that they go to Cuzco, Peru, against their physician's written

- 3 -

1  orders, the tour physician, Heng Soon Tan, M.D. and Expedition Leader, Bob Houston,

2  determined that the Wetzels could not continue on the tour.  The safety and well being of the

3  Wetzels, in addition to the other tour participants were considered in making this decision.

4  Arrangements were made for their return home and they returned home.

5  **3.    The principal legal issues which the parties dispute:**

6        (a)    Whether TCS breached it's contract with the Wetzels, by summarily

7               discharging them from the trip.

8        (b)    Whether TCS was unjustly enriched by keeping the entire $83,900.00 paid

9               for the trip, without refunding the unused portions.

10       (c)    Whether the failure to refund constitutes conversion?

11       (d)    Whether certain terms set forth in the brochure for the "Heaven and

12              Earth" expedition are binding on the parties.

13       (e)    Whether certain terms set forth in the brochure for the "Heaven and Earth"

14              expedition are unconscionable.

15       (f)    Whether the written release in the Reservations Form executed by the

16              plaintiffs bars plaintiffs' claims;

17       (g)    Whether the Reservation term in the Reservations Form executed by the

18              plaintiffs bars plaintiffs' claims;

19       (h)    Whether TCS had the right to ask the Wetzels to withdraw from the tour

20              under the terms and conditions for the "Heaven and Earth" Expedition set

21              forth in the Tour Brochure;

22       (i)    Whether TCS had the right to ask the Wetzels to withdraw from the tour

23              for their own safety and the safety of the other tour participants; and,

24       (j)    Whether plaintiffs were physically able to complete the tour.

25 **4.    Motions:**

26       There are currently no pending motions in this case.  Defendant intends to file a motion

27 for summary judgment.

28
- 4 -

1    The parties propose 90 days before trial as the deadline for filing dispositive motions.

2    **5.    Amendment of Pleadings:**

3    Not anticipated, prior to discovery.

4    **6.    Evidence Preservation:**

5    The parties have complied with the evidence preservation requirements.

6    **7.    Disclosures:**

7    The parties have stipulated that they will make all disclosures as required by Federal Rule

8    of Civil Procedure 26(a)(1) by September 1, 2007.

9    **8.    Discovery:**

10    The parties have not engaged in discovery proceedings or any other case proceedings

11    prior to the date of this order.  No formal discovery has yet been initiated by either party.

12    The parties agree to the following discovery plan:

13    **(a)    Factual Discovery**

14    The parties are limited to 10 depositions per side, pursuant to the Federal Rules of

15    Procedure.  No party may serve more than 25 interrogatories on any other party, pursuant to the

16    Federal Rules of Civil Procedures.

17    **(b)    Expert Discovery**

18    The parties propose 80 days before trial as the deadline for designating any expert

19    witnesses and 60 days before trial for designating any rebuttal expert witnesses.  The parties

20    propose 30 days before trial as the deadline for completing expert discovery.

21    **9.    Class Actions:**

22    Not applicable.

23    **10.    Related Cases:**

24    Not applicable

25

26

27

28

- 5 -

**11.     Relief:**

**12.     Alternative Dispute Resolution:**

The parties have filed a Stipulation and Proposed Order Selecting an ADR process.  The parties have engaged in early settlement discussions.

**13.     Consent to the Magistrate Judge for all Purposes:**

Plaintiff's consent.

Defendant has filed a non-consent form.

**14.     Other References:**

None

**15.     Narrowing of Issues:**

Unknown at this time.  The parties reserve the right to bring suitable recommendations to narrow the issues to the court's attention at a later time.

**16.     Expedited Schedule:**

Not applicable.

**17.     Scheduling:**

Dispositive motion:  hearing 90 days before trial

Discovery cutoff:     60 days before trial

Expert designation:   80 days before trial

Rebuttal expert designation: 60 days before trial

Expert discovery cutoff: 30 days before trial

Pretrial conference:  30 days before trial

Trial:  June 2008

**18.     Trial:**

Five to eight days.

Plaintiffs reserve the right to a jury trial.

Defendant contends plaintiffs have waived any right to jury trial.

- 6 -

19.  **Disclosure of Non-party Interested Entities or Persons:**

None known of as of this date.

20.  **Other matters:**

None.

DATED: 8/1/07

PASSALACQUA, MAZZONI, GLADDEN,
LOPEZ & MARAVIGLIA

By: _____
Daniele Maraviglia
Attorney for Plaintiffs
Harry Herman Wetzel and Margaret
Kirkpatrick Wetzel

DATED: August 1, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
Steven R. Blackburn
Leslie J. Mann
Attorneys for Defendant
TCS Expeditions, Inc.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

DATED: _____    _____
UNITED STATES DISTRICT
COURT JUDGE